# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00428-CV

**Charlie Ray Taylor, Appellant**

**v.**

**State of Texas; Governor Rick Perry; Susan Combs, Comptroller of Public Accounts; and Senator Rodney Ellis, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-07-001046, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Charlie Ray Taylor appeals a take-nothing summary judgment granted on his claims of wrongful imprisonment and civil rights violations. He contends that the trial court failed to provide a court reporter. He complains that he has never had a probable cause finding, an arrest warrant, a reading of Miranda rights, a complete jury, a proper prosecutor, or a properly assessed sentence in the Walker County felony conviction that has resulted in his imprisonment for life. Appellees sought summary judgment contending that Taylor's complaints failed as a matter of law. The trial court granted the motion. We affirm.

Taylor complains on appeal that he was deprived of a court reporter's record from the hearing on his motion for summary judgment. The clerk's record does not reveal that Taylor requested at the trial court level that a reporter be present. This error is not properly preserved for appellate review. *See* Tex. R. App. P. 33.1. More important, reporters are neither necessary

nor appropriate at summary-judgment hearings because no testimony is received. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 291 n.141 (Tex. 2004); *see also* Tex. R. Civ. P. 166a(c); *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). Taylor has not demonstrated error in the absence of a reporter's record in this case.

Taylor contends that the trial court erred by granting summary judgment on his claim for compensation for wrongful imprisonment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 103.003 (West Supp. 2009). Appellees sought summary judgment contending that Taylor failed to allege the facts required to qualify for relief under this statute. A person is entitled to compensation under that statute only if the person either has received a full pardon on the basis of innocence for the crime for which the person was sentenced or has been granted relief on the basis of actual innocence of the crime for which the person was sentenced. *Id*. Taylor does not allege that he meets either condition. To the contrary, he states that he is in prison. The trial court did not err by granting summary judgment on this claim.

Taylor complains that many aspects of the conduct of his case leading to the conviction for which he is imprisoned violated the constitution and statutes. He states that he has raised these issues on appeal and by petition for writ of habeas corpus. Appellees sought summary judgment on the basis that Taylor failed to allege or offer evidence that these appellees were responsible for the alleged denials of rights. The record contains no indication that Taylor amended his allegations or filed any evidence supporting his claims. Because Taylor failed to file any evidence supporting his claims, the trial court did not err by granting summary judgment. *See*

2

Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   December 2, 2009